# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2013

Lyle W. Cayce
Clerk

No. 10-50972
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MARIA REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-985-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 1999, Jesus Maria Reyes was convicted in a court-martial proceeding of three counts of sodomy with a child and three counts of indecent acts with a child, in violation of the Uniform Code of Military Justice (UCMJ). In 2010, Reyes was charged with failing to register or update his registration under the Sex Offender Registration and Notification Act (SORNA). After a bench trial on stipulated facts, the district court found him guilty and sentenced him to 27

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50972

months in prison to be followed by five years of supervised release.  Reyes now appeals, challenging Congress's authority to impose registration requirements on a defendant who was released unconditionally from federal custody before SORNA was enacted.  The Government has moved for summary affirmance in light of the Supreme Court's recent decision in *United States v. Kebodeaux*, 133 S. Ct. 2496 (2013).

Although Reyes has been released from prison, his challenge to his conviction is not moot.  *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998).  We agree with the Government that plain error review applies to Reyes's argument.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

In *Kebodeaux*, 133 S. Ct. 2502-07, the Supreme Court held that a defendant convicted in 1999 under the UCMJ of sex offenses was subject to the registration requirements of the Wetterling Act, and that Congress had authority under the Military Regulation and Necessary and Proper Clauses to modify those requirements in SORNA and apply them to defendants convicted before SORNA's enactment.  Reyes was similarly convicted of sex offenses under the UCMJ that were subject to registration under the Wetterling Act.  Accordingly, there was no plain error (and likely no error at all) with respect to SORNA's application to Reyes.  *See Puckett*, 556 U.S. at 135.

For the foregoing reasons, the judgment of the district court is affirmed.  The motion for summary affirmance is denied.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).

AFFIRMED; MOTION DENIED.